13 CIV 6065

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANMAR LINES, LTD.
    Plaintiff,

v.

MSC MEDITERRANEAN SHIPPING COMPANY
S.A. A/K/A MSC (USA) INC. AND SCT CHILE,
IN REM, AND EVANS DELIVERY COMPANY
A/K/A EVANS NETWORK OF COMPANIES,
    Defendants.

Case No.:

**COMPLAINT IN ADMIRALTY**

---

Plaintiff DANMAR LINES, LTD. ("DANMAR" or "Plaintiff"), by and through their attorneys, as and for their Complaint against defendant MSC MEDITERRANEAN SHIPPING COMPANY S.A. A/K/A MSC (USA) INC., AND SCT CHILE, IN REM ("MSC") and Evans Delivery Company a/k/a Evans Network of companies ("Evans") or ("Defendants") alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. §1333.

2.    The Court also has jurisdiction over this claim per 28 U.S.C. § 1332 in that the citizenship of the parties is diverse and, the amount in controversy exceeds $75,000 exclusive of interest and costs.

3.    The court also has pendent, ancillary and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    Plaintiff also brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

DM1\4086466.1

5. Venue is proper in this district pursuant to 28 U.S.C. §1391. MSC's Bill of Lading mandates suit in this venue.

**PARTIES**

6. Danmar Lines Ltd. is a corporation organized and existing pursuant to the laws of the Switzerland; DHL Global Forwarding acted as its agent with respect to the matters herein.

7. MSC is a corporation organized and existing under the laws of a foreign country with its principal place of business in a foreign country, and was and now is engaged in business as a carrier of merchandise by sea, rail and by road for hire and maintains a place of business in New York.

8. MSC was and now is in business as carrier of goods by sea with a place of business c/o Mediterranean Shipping Company (USA), Inc. 420 Fifth Avenue, New York, New York 10018. The MSC Matilde is an ocean going vessel engaged in the carriage of goods by sea.

9. Alternatively, MSC does business in the State of New York and is subject to the jurisdiction of this Court.

10. Further alternatively, MSC is subject to *in personam* jurisdiction in this Court pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

11. The SCT CHILE is an ocean vessel that is or will be within the jurisdiction of the Court, and carried the cargo.

12. Defendant Evans is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 100-110 West Columbia Street, Schuylkill Haven, PA 17972 and with offices and places of business at 887 River Road, Norwood, NY, 13668 and at 16 Meadowbrook Drive, Lackawanna, NY, 14218, and was and is at relevant times

engaged in business as, *inter alia*, a carrier of goods for hire or otherwise in the transportation of goods as a motor truck cargo transportation and interstate commerce including within the United State and in New York, and is subject to the jurisdiction of this Court.

13.     The Court also has Supplemental jurisdiction over the claim against Evans

14.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

15.     Defendants are registered to do business in the State of New York and do business here. Defendant organizes and/or runs routes through and thus can be found in and reside in this District within the meaning of 28 U.S.C. § 1391 (b)(l) and (c).

## FACTS

16.     Plaintiff issued a Bill of Lading to C.L. Hauthaway & Sons Corp. for the carriage of certain cargo from Boston, Massachusetts to Bremerhaven, Germany, ("the Shipment").

17.     Plaintiff arranged for Defendant MSC to carry the Shipment from Boston, Massachusetts to Bremerhaven, Germany pursuant to an MSC Bill of Lading.

18.     Defendant Evan was a trucker for hire who was to carry the cargo from origin to the port of loading.

19.     Cargo and its subrogated insurers allege that the Shipment was not in like good order when delivered.

20.     Cargo and its subrogated insurers have made a claim against Plaintiff in the amount as best as can be ascertained of $240,000.

## FIRST CAUSE OF ACTION

21.     Plaintiff repeats and realleges each and every paragraph contained herein.

22.     Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

DM1\4086466.1

23. While denying any liability for damages to Cargo and its subrogated insurers, if the Shipment was not delivered in like good condition as alleged by Cargo and its subrogated insurers, and Plaintiff is held liable or caused to make payment for such, it resulted solely from the fault, negligence, gross negligence and/or lack of care, breach of contract, breach of warranty (express or implied), omission or other wrongful act on the part of the Defendants, their agents or sub-contractors.

24. As a result of the foregoing, Plaintiff claims against Defendants for any and all sums which Plaintiff may be required to pay to Plaintiff, including attorneys' fees and expenses.

## SECOND CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every paragraph contained herein.

26. Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

27. While denying any liability for damages to Cargo and its subrogated insurers, if Plaintiff should be held liable to Cargo and its subrogated insurers, then Plaintiff asserts that it shall be entitled to damage from Defendants as a result of breach of contract.

## THIRD CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every paragraph contained herein.

29. Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

30. While denying any liability for damages to the claimant and its subrogated insurers, if Plaintiff should be adjudged liable to claimant and its subrogated insurers, Plaintiff asserts that any and all injuries and damages allegedly sustained by claimant and its subrogated insurers were the proximate result of the actions of the Defendants. As such, Defendants is liable

to Plaintiff, by way indemnification and/or contribution for any and all sums which it may be required to pay in this action, including attorneys' fees and expenses.

## FOURTH CAUSE OF ACTION BREACH OF CONTRACT OF CARRIAGE

31.  Plaintiff repeats and realleges each and every paragraph contained herein.

32.  Defendants breached their obligations and duties under their contract(s) of carriage with respect to the cargo by allegedly failing to deliver it in like good order and condition.

33.  By reason of the foregoing, Defendants caused damage to Plaintiff and are liability for the full sum Plaintiff suffers to claimants plus attorney fees and expenses.

## FIFTH CAUSE OF ACTION BAILMENT

34.  Plaintiff repeats and realleges each and every paragraph contained herein.

35.  Defendants acted as bailees of the cargo for good consideration. Defendants were thereby bailees who warranted and had a legal duty to safely keep, care for and deliver the cargo in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants allegedly breached those bailment obligations and negligently failed to deliver the cargo in as good condition as when entrusted to them.

36.  By reason of the foregoing, Defendants are liable to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, but as nearly as can now be estimated, up to or exceeding U.S. $ 240,000.

## PRAYER

WHEREFORE, while denying any liability for damages for the Shipment and its insurers, if Plaintiff should be held liable, Plaintiff prays the Court enter a judgment on its

Complaint against Defendants MSC Mediterranean Shipping Company S.A. MSC (USA), SCT CHILE in rem and Evans Delivery Company a/k/a Evans Network of Companies, together with an award of costs, costs of suit, interest and reasonable attorney's fees, and for such other relief as the Court deems just and proper.

                                                                                           **DUANE MORRIS LLP**
                                                                                           A Delaware Limited Liability Partnership

Dated: August 2, 2013                        By: _____
                                                                        James W. Carbin (JC5004)
                                                                        Attorneys for Plaintiff Danmar Lines, Ltd.
                                                                        One Riverfront Plaza
                                                                        1037 Raymond Boulevard, Suite 1800
                                                                        Newark, New Jersey 07102-5429
                                                                        (973) 424-2000
                                                                        JWCarbin@duanemorris.com